IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARY ANN STRICKLAND, JAMES C. STRICKLAND, III, AND COASTAL HARDWARE AND RENTAL CO., LLC | § § § § § | PLAINTIFFS |
| v. | § § § | CIVIL ACTION NO. 1:06CV1247-LG-JMR |
| XL SPECIALTY INSURANCE CO., CPB PREMIUM FINANCE, AND JOHN DOES 1-10 | § § § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT,
XL SPECIALTY INSURANCE CO.'S MOTION FOR SUMMARY JUDGMENT**

**BEFORE THE COURT** is the Motion for Summary Judgment [49] filed by Defendant, XL Specialty Insurance Co. Plaintiffs have responded to the Motion, and XL Specialty has replied. Coastal Hardware and Rental Company purchased a business premises insurance policy from XL Specialty through CPB, a premium finance company. Approximately three weeks before Hurricane Katrina made landfall, CPB cancelled the policy due to Plaintiffs failure to make a required premium payment. There being no genuine issues of material fact, the Court finds that under Mississippi law, XL Specialty is not liable for the cancellation of Plaintiffs' insurance policy and that XL Specialty is entitled to judgment as a matter of law pursuant to FED. R. CIV. P. 56.

**FACTS**

Coastal Hardware purchased a business premises insurance policy from XL Specialty, on

June 26, 2005.[1]  The premiums for the XL Specialty policy were financed by CPB Premium Finance, and as part of the premium financing agreement, Coastal Hardware agreed to grant CPB a power of attorney and authority to cancel the policy in the event that Coastal Hardware defaulted on its payments to CPB.  Coastal Hardware paid a down payment to CPB, which it contends was sufficient to cover three months of coverage under the policy.  However, CPB contends that an additional payment was due in July of 2005.  When Coastal Hardware failed to make the July payment, CPB issued a Notice of Intent to Cancel Insurance, advising Coastal Hardware that its insurance would be canceled if payment was not made by August 5, 2005.  The premium payment was not made, and XL Specialty was notified on August 16, 2005, that the policy should be canceled effective August 5, 2005, for nonpayment of financed premiums.  XL Specialty was also informed that the insured was provided with 10 days written notice of the intent to cancel as required by law.  As a result, on August 25, 2005, XL Specialty mailed a Notice of Cancellation to Plaintiff that stated that the policy was canceled effective August 5, 2005.  (Ex. D to Def.'s Mot.)  The building that had been insured under the XL Specialty policy was damaged by Hurricane Katrina on August 29, 2005.  The unearned premiums paid by CPB on behalf of Coastal Hardware were refunded to CPB on January 26, 2006.  (Ex. B to Def.'s Reply).

## DISCUSSION

Any party to a civil action may move for summary judgment upon a claim, counterclaim, or cross-claim as to which there is no genuine issue of material fact and upon which the moving

---

[1] Plaintiff, Mary Ann Strickland, is the sole shareholder of Coastal Hardware, and Plaintiff, James C. Strickland, is Mary Ann Strickland's husband.  Coastal Hardware was the only named insured on the policy.

party is entitled to prevail as a matter of law. FED. R. CIV. P. 56. A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Celotex Corp.*, 477 U.S. at 324-25. The non-moving party may not rest upon mere allegations or denials in its pleadings, but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986).

Under Mississippi law the procedures for canceling an insurance policy under a premium financing company's power of attorney are set forth at Miss. Code Ann. § 81-21-19. The financing company is required to provide the insured with ten days written notice at the insured's last known address, unless payment is received within that ten-day period. Miss. Code Ann. § 81-21-19(2) The statute also provides that the insurance contract should be canceled as if the notice of cancellation had been submitted by the insured. Miss. Code Ann. § 81-21-19(3) Regarding liability of the insurer, the statute provides that "no liability of any nature whatsoever either in favor of the insured, any governmental agency, mortgagee or third party shall be imposed upon the insurer as a result of any misstatement of fact contained in such notice of cancellation or statement furnished by the insurance premium finance company to the insurer." Miss. Code Ann. § 81-21-19(5).

Plaintiffs assert that XL Specialty's Motion for Summary Judgment should be denied for two reasons: (1) XL Specialty was required to provide Plaintiffs with an additional ten days notice prior to cancellation pursuant to the terms of the policy, and (2) XL Specialty failed to

return the unearned premiums after the policy was canceled. Neither argument is persuasive.

First, the insurance policy does contain provisions for cancellation by the insurer.[2] This provision is included in insurance policies issued in Mississippi pursuant to the notice requirements set forth at Miss. Code Ann. § 83-11-5. According to XL Specialty, this policy provision does not apply because the policy was canceled by the insured's agent, CPB, under its power of attorney, and was not canceled by insurer. This precise issue has been considered by this Court in *Matthews v. Fid. & Guar. Ins. Underwriters, Inc.*, 734 F. Supp. 755 (S.D. Miss. 1990). In *Matthews*, the Court held that a premium finance company's cancellation of a policy is effective without the necessity of additional notice by the insurer. *Matthews*, 734 F. Supp. at 759-60. The Court noted that Miss. Code Ann. § 83-11-5 only requires ten days notice of cancellation when the policy is cancelled by the insurer. Thus, the Court reasoned that cancellation by the premium finance company is a cancellation by an agent of the insured, not the insurer, and additional notice is not required. *Id.* In this case the cancellation provision in the insurance policy only pertains to situations in which the insurer cancels the policy. Because the policy was cancelled by the insured's premium finance company pursuant to its power of attorney, XL Specialty was not required to provide an additional notice of the cancellation to the insured. As a result, XL Specialty did not breach any duty to provide notice of cancellation under the policy. The Tennessee Court of Appeals reached a different result in *United States*

---

[2] The insurance policy at issue provides:
We [the insurer] may cancel this policy by mailing or delivering the first Named Insured written notice of cancellation, accompanied by the specific reasons for cancellation, at least:

(a) 10 days before the effective date of the cancellation if We [the insurer] cancel for nonpayment of premium. *See* (Ex. A to Compl.)

*Fidelity & Guaranty Co. v. Scarab Energy Corp.*, 1993 WL 255424 (Tenn Ct. App. Nov. 1, 1993).  However, that decision is distinguishable.  In *Scarab Energy*, the Court held that an insurer was required to provide the insured with ten days notice of cancellation for nonpayment of premiums pursuant to Tennessee's Cancellation Act even where the policy was canceled by a premium finance company, since the definition of "nonpayment of premiums" specifically included nonpayment of premiums to a premium finance company.  *Scarab Energy*, 1993 WL 255424 at *4.  The Court in *Scarab* reasoned that Tennessee's Cancellation Act was adopted after the state's Premium Finance Company Act, and therefore the Legislature was aware of the cancellation procedures concerning premium finance agreements but nevertheless chose to include nonpayment to the finance company as a type of nonpayment included under the subsequent Cancellation Act.  *Id.* at *5.

In Mississippi, the cancellation statute discussed in *Matthews*, Miss. Code Ann. § 83-11-5, also includes nonpayment to a premium finance company in the definition of "nonpayment of premiums" (*see* Miss. Code Ann. § 83-11-1).  However, the Mississippi Legislature subsequently adopted the premium finance company statute, Miss. Code Ann. § 81-21-19, which specifically provides that an insurance policy canceled by the premium finance company should be canceled as if the notice of cancellation had been submitted by the insured.  In effect, the Mississippi Legislature, reinforced this Court's holding in *Matthews* when it adopted the premium finance company statute the following year.  Additionally, in the present lawsuit, it is undisputed that the cancellation provision in the XL Specialty policy only pertains to situations in which the insurer cancels the policy.   Therefore, because the policy was cancelled by the insured's premium finance company, CPB, pursuant to its power of attorney, XL Specialty was not required to

provide additional notice of the cancellation pursuant to statute or the terms of the policy.

As for Plaintiffs' second argument, Miss. Code Ann. § 81-21-21 provides that the insurer should return unearned premiums to the premium finance company. XL Specialty has produced a copy of the check issued to the premium finance company, CPB, as repayment of the unearned premiums concerning the policy, and Plaintiffs have produced no evidence to the contrary. Therefore, Plaintiffs' argument concerning reimbursement of premiums is without merit.

### CONCLUSION

Pursuant to Miss. Code Ann. § 81-21-19, XL Specialty is not liable for canceling the policy at the request of Coastal Hardware's premium finance company. Additionally, under Mississippi law, XL Specialty was not required to provide additional notice of cancellation pursuant to the cancellation clause in the insurance policy at issue.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Summary Judgment [49] filed by Defendant, XL Specialty Insurance Co. is **GRANTED**. Plaintiffs' claims against XL Specialty Insurance Co. are hereby **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 1st day of November, 2007.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE